UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SANDRA A. CUNNINGHAM, Next Friend
of P.A., a minor,

        Plaintiff,                                 Hon. Mark A. Goldsmith
                                                  Magistrate David R. Grand

v                                                 No. 22-11398

OXFORD COMMUNITY SCHOOLS,
TIMOTHY THRONE, STEVEN WOLF,
NICHOLAS EJAK and SHAWN HOPKINS,

        Defendants.

_____/

Wolfgang Mueller (P43728)
Mueller Law Firm
*Attorney for Plaintiff*
41850 W. 11 Mile Road, Suite 101
Novi, MI 48375
(248) 489-9653
wolf@wolfmuellerlaw.com

Timothy J. Mullins (P28021)
Kenneth B. Chapie (P66148)
John L. Miller (P71913)
Annabel F. Shea (P83750)
Giarmarco, Mullins & Horton, P.C.
*Attorneys for Defendants*
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
kchapie@gmhlaw.com
jmiller@gmhlaw.com
ashea@gmhlaw.com

## __ANSWER__

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their answer to Plaintiff's Complaint as follows:

1.      In answer to paragraph 1, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

2.      In answer to paragraph 2, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

3.      In answer to paragraph 3, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

4.      In answer to paragraph 4, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

5.      In answer to paragraph 5, Defendants admit that THRONE was an employee/superintendent of Oxford Community Schools for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

6.      In answer to paragraph 6, Defendants admit that WOLF was an

employee of Oxford Community Schools for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

7.     In answer to paragraph 7, Defendants admit that EJAK was an employee of Oxford Community Schools for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

8.     In answer to paragraph 8, Defendants admit that HOPKINS was an employee of Oxford Community Schools for a period of time. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

## GENERAL ALLEGATIONS

9.     In answer to paragraph 9, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

10.     In answer to paragraph 10, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

11.     In answer to paragraph 11, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiff to her proofs.

12.     In answer to paragraph 12, Defendants deny the allegations contained therein for the reason that they are untrue.

13.     In answer to paragraph 13, Defendants deny the allegation that the shooting was predictable and preventable for the reason it is untrue. Defendants neither admit nor deny the remaining allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

## THE EVENTS ON AND BEFORE NOVEMBER 30, 2021

14.     In answer to paragraph 14, Defendants deny the allegations contained therein for the reason that they are untrue.

15.     In answer to paragraph 15, Defendants deny the allegations contained therein for the reason that they are untrue.

16.     In answer to paragraph 16, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

17.     In answer to paragraph 17, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

18.     In answer to paragraph 18, Defendants deny the allegations contained therein for the reason that they are untrue.

4

19.     In answer to paragraph 19, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

20.     In answer to paragraph 20, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

21.     In answer to paragraph 21, Defendants deny the allegations contained therein for the reason that they are untrue.

22.     In answer to paragraph 22, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

23.     In answer to paragraph 23, Defendants deny the allegations contained therein for the reason that they are untrue.

24.     In answer to paragraph 24, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

25.     In answer to paragraph 25, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

26.     In answer to paragraph 26, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

**November 29, 2021**

27.    In answer to paragraph 27, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

28.    In answer to paragraph 28, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

29.    In answer to paragraph 29, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

30.    In answer to paragraph 30, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

31.    In answer to paragraph 31, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

32.    In answer to paragraph 32, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiff to her proofs.

33.     In answer to paragraph 33, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

**November 30, 2021**

34.     In answer to paragraph 34, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

35.     In answer to paragraph 35, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

36.     In answer to paragraph 36, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

37.     In answer to paragraph 37, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

38.     In answer to paragraph 38, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

7

39.     In answer to paragraph 39, Defendants deny the allegations contained therein for the reason that they are untrue.

40.     In answer to paragraph 40, Defendants deny the allegations contained therein for the reason that they are untrue.

41.     In answer to paragraph 41, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

42.     In answer to paragraph 42, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

43.     In answer to paragraph 43, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

44.     In answer to paragraph 44, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

45.     In answer to paragraph 45, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

46.     In answer to paragraph 46, Defendants neither admit nor deny the

allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

47.     In answer to paragraph 47, Defendants deny the allegations contained therein for the reason that they are untrue.

48.     In answer to paragraph 48, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

49.     In answer to paragraph 49, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

50.     In answer to paragraph 50, Defendants deny the allegations contained therein for the reason that they are untrue.

51.     In answer to paragraph 51, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

52.     In answer to paragraph 52, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

53.     In answer to paragraph 53, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and,

therefore, leave Plaintiff to her proofs.

54.     In answer to paragraph 54, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

55.     In answer to paragraph 55, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

56.     In answer to paragraph 56, Defendants deny the allegations contained therein for the reason that they are untrue.

57.     In answer to paragraph 57, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

58.     In answer to paragraph 58, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

59.     In answer to paragraph 59, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

59.     [sic] In answer to paragraph 59, Defendants deny the allegations contained therein for the reason that they are untrue.

10

60.    In answer to paragraph 60, Defendants deny the allegations contained therein for the reason that they are untrue.

61.    In answer to paragraph 61, Defendants deny the allegations contained therein for the reason that they are untrue.

62.    In answer to paragraph 62, Defendants deny the allegations contained therein for the reason that they are untrue.

63.    In answer to paragraph 63, Defendants deny the allegations contained therein for the reason that they are untrue.

64.    In answer to paragraph 64, Defendants deny the allegations contained therein for the reason that they are untrue.

65.    In answer to paragraph 65, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

66.    In answer to paragraph 66, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

67.    In answer to paragraph 67, Defendants neither admit nor deny the allegations contained therein for lack of knowledge upon which to form a belief and, therefore, leave Plaintiff to her proofs.

68.    In answer to paragraph 68(a)-(o), Defendants deny the allegations

11

contained therein for the reason that they are untrue.

## COUNT I

### 14th AMENDMENT "STATE CREATED DANGER"
### BY DEFENDANTS EJAK AND HOPKINS

69.    In answer to paragraph 69, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 68 inclusive, as if fully set forth herein.

70.    In answer to paragraph 70, Defendants deny the allegations contained therein for the reason that they constitute incorrect and untrue conclusions of law and fact and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

71.    In answer to paragraph 71, Defendants neither admit nor deny the allegations contained therein for the reason that they constitute conclusions of law, rather than allegations of fact, and, therefore, leave Plaintiff to her proofs thereon with a final determination to be made by the Court.

72.    In answer to paragraph 72, Defendants deny the allegations contained therein for the reason that they are untrue.

73.    In answer to paragraph 73, Defendants deny the allegations contained therein for the reason that they are untrue.

74.    In answer to paragraph 74, Defendants deny the allegations contained

therein for the reason that they are untrue.

75.    In answer to paragraph 75, Defendants deny the allegations contained therein for the reason that they are untrue.

76.    In answer to paragraph 76, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT II

### *MONELL* LIABILITY OF OCSD UNDER 42 U.S.C. §1983

77.    In answer to paragraph 77,  Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 76 inclusive, as if fully set forth herein.

78.    In answer to paragraph 78(a)-(g), Defendants deny the allegations contained therein for the reason that they are untrue.

79.    In answer to paragraph 79, Defendants deny the allegations contained therein for the reason that they are untrue.

## COUNT III

### GROSS NEGLIGENCE BY DEFENDANTS THRONE, WOLF, EJAK AND HOPKINS

80.    In answer to paragraph 80, Defendants hereby incorporate by reference their responses contained in paragraphs 1 through 79 inclusive, as if fully set forth herein.

81.     In answer to paragraph 81, Defendants deny the allegations contained therein for the reason that they are untrue.

82.     In answer to paragraph 82(a)-(d), Defendants deny the allegations contained therein for the reason that they are untrue.

WHEREFORE, Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, respectfully request that this Honorable Court enter an order of no cause of action as to Defendants, together with costs and attorney fees so wrongfully sustained.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: September 7, 2022

## **AFFIRMATIVE DEFENSES**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., state their Affirmative Defenses as follows:

1.     Defendants deny that they breached any duties and, further, deny that they were negligent in any manner. Defendants affirmatively state that they were guided by and strictly observed all legal duties and obligations imposed by operation

14

of law and otherwise. Further, all actions of their agents, servants and/or employees were careful, prudent, proper and lawful.

2.      Plaintiff has failed to state a claim or cause of action against these Defendants as to which relief can be granted as prayed.

3.      Defendants will show and rely upon at the time of trial that any injury or damage complained of by Plaintiff was proximately caused by third persons not under the control of these Defendants.

4.      Defendants will show and rely upon at the time of trial that at all times pertinent hereto, Defendants were engaged in the performance of governmental functions and, therefore, are statutorily immune from suit for civil damages for this claim pursuant to the principles of governmental immunity as set forth in case law and the statutes of this State, the Constitutions of the State and Federal Government and the statutes promulgated thereunder.

5.      Plaintiff's claims are barred by the doctrine of preemption.

6.      Defendants will show at the time of trial that all actions or communications complained of in Plaintiff's Complaint were absolutely or qualifiedly privileged pursuant to the Constitutions, statutes and common law of the State of Michigan and of the United States and, further, that Defendants are both statutorily immune and the claims as to the Defendants are also barred by qualified immunity.

15

7.      Defendants are not liable to Plaintiff for the criminal, assaultive acts of third parties.

8.      This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

9.      Plaintiff's claims are barred and/or precluded by the doctrine of res judicata and/or collateral estoppel.

10.     Plaintiff's claims are barred by the Michigan Revised School Code.

11.     Plaintiff's Complaint is conclusory in nature and fails to state a claim and sufficient facts upon which relief can be granted.

12.     Defendants will show that Plaintiff has failed to prove any deprivation of a Federal right, nor has Plaintiff alleged or proven an act of deprivation taken under color of law sufficient to maintain an action based upon the Fourteenth Amendment or 42 USC §1983, § 1988 or the U.S. or Michigan constitutions or statutes promulgated thereunder.

13.     Plaintiff has failed to mitigate her damages.

14.     Plaintiff's Complaint is barred by the provisions of the Eleventh Amendment.

15.     Plaintiff's claims are barred by claim and issue preclusion.

16.     Plaintiff's claims against Defendants fail because Plaintiff cannot show that Defendants acted with deliberate indifference regarding Plaintiff's allegations

16

of injury.

17.　Defendants have not violated any clearly established constitutional or statutory right.

18.　As a matter of law, OXFORD COMMUNITY SCHOOLS cannot be held vicariously liable for its employees' actions.

19.　Plaintiff's claims fail as a matter of law and fact because Defendants were not required to protect Plaintiff Minor from the violence or other mishaps that are not directly attributable to the conduct of its employees.

20.　Defendants will show and rely upon at the time of trial that Plaintiff Minor had a preexisting medical condition which is a contributing proximate cause of the injuries complained of.

21.　Plaintiff's claims are barred by qualified immunity.

22.　Plaintiff's claims are barred by statutory governmental immunity under the Governmental Tort Liability Act (GTLA).

23.　Plaintiff's claims are barred by immunity granted by state and federal statutes.

24.　Plaintiff's claims are barred by the doctrine of Legislative immunity.

25.　Plaintiff's claims against Defendants are barred by the Public Duty Doctrine.

26.　Defendants reserve the right to amend their Answer, including

additional affirmative defenses, upon completion.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: September 7, 2022

## **RELIANCE UPON JURY DEMAND**

Defendants, OXFORD COMMUNITY SCHOOLS, TIMOTHY THRONE, STEVEN WOLF, NICHOLAS EJAK and SHAWN HOPKINS, by and through their attorneys, GIARMARCO, MULLINS & HORTON, P.C., hereby rely upon the jury demand previously filed by Plaintiff as to all issues of trial.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants

DATED: September 7, 2022

## **CERTIFICATE OF ELECTRONIC SERVICE**

TIMOTHY J. MULLINS states that on September 7, 2022, he did serve a copy of the **Answer, Affirmative Defenses and Reliance Upon Jury Demand** via the United States District Court electronic transmission.

/s/TIMOTHY J. MULLINS
GIARMARCO, MULLINS & HORTON, PC
Attorney for Defendants
101 W. Big Beaver Road, 10th Floor
Troy, MI 48084-5280
(248) 457-7020
tmullins@gmhlaw.com
P28021

18